IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STACY LINDSAY,

    Plaintiff,

v.

REPUBLICAN NATIONAL COMMITTEE, *et al.*,

    Defendants.

OPINION and ORDER

Case No. 17-cv-123-wmc

Plaintiff Stacy Lindsay has filed a *pro se* complaint listing a number of grievances against more than 120 defendants, including President Donald Trump and most of his cabinet, several state and national elected officials, and several groups and individuals associated with conservative or Republican causes, among others. Among other things, Lindsay claims that these defendants have violated her rights by:

- unfairly structuring elections;
- imposing Christian and religious beliefs;
- signing the "Contract from America";
- advocating for laws that threaten her civil rights and access to healthcare, financial assistance and social programs;
- failing to act on global warming;
- making or accepting illegal campaign donations; and
- attempting to dismantle the education system.

Lindsay's requests for relief are similarly ambitious: (1) dismantling of the Republican National Committee, Republican Congressional Committee and National Republican Senatorial Committee; (2) removal of President Trump, his cabinet and all Republican

1

senators; (3) declaration of Hillary Clinton as president; (4) declaring conservative groups as enemies of the United States; (5) restructuring of the voting system; (6) affirming Merrick Garland as Supreme Court Justice; and (7) investigation of Christian tax exempt organizations.

Lindsay is proceeding *pro se* and has paid the $400 filing fee. Normally, the next step would be for the court to issue a summons, directing Lindsay to serve the summons and complaint on defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Before doing so, however, this court is obligated to confirm that Lindsay has standing to assert her claims and that her claims are actually justiciable. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted). Justiciability includes doctrines of ripeness, mootness, and the political question doctrine. *See Allen v. Wright*, 468 U.S. 737, 750 (1984), *abrogated on other grounds by Lexmark Int'l Inc. v. Static Control Components*, — U.S. —, 134 S. Ct. 1377, 1388 (2014); *Charles Alan Wright et al., Federal Practice & Procedure* § 3529 (3d ed. 2008).

To establish standing to sue, Lindsay must be able to identify a particular "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen*, 468 U.S. at 751. Here, Lindsay has not identified any specific action taken by any particular named defendant that has injured her personally. While the court does not question the *sincerity* of Lindsay's fears about adverse impacts, she has not connected any particular action or law to an individualized injury. To the extent that she is worried about potential future injuries that may result from future policies, those concerns have also not yet ripened into justiciable disputes.

Rather than identifying specific injuries that are traceable to specific actions, Lindsay's allegations suggest that she disagrees with many of the policy positions taken by defendants,

as well as tactics they have used to influence decisions, affect elections and pass laws. But this court does not have the authority to resolve the types of broad policy objections raised by Lindsay. On the contrary, under the political question doctrine, courts cannot adjudicate disputes "that the Constitution has been interpreted to entrust to other branches of the federal government." *In re African-American Slave Descendants Litigation*, 471 F.3d 754, 758 (7th Cir. 2006). *See also McIntyre v. Fallahay*, 766 F.2d 1078, 1081 (7th Cir. 1985) (political question doctrine restricts judiciary from "unwarranted interference with decisions properly made elsewhere"). The non-justiciability of a political question is based primarily on the constitutional principle of separation of powers inherent in the text of the Constitution, as well as the policy of judicial self-restraint. *See Baker v. Carr*, 369 U.S. 186, 210 (1962). Here, Lindsay's claims concern political questions that are designated to the legislative and executive branches, thus making them nonjusticiable. Accordingly,

ORDER

IT IS ORDERED that this case is DISMISSED as nonjusticiable.

Entered this 2nd day of October, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge